United States Court of Appeals
Fifth Circuit

**F I L E D**

April 20, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 03-41244
Summary Calendar

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

VERSUS

NOELIA CAMPOS MADRIGAL,

                                    Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas
(C-03-CR-109-1)

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

    On January 24, 2005, the Supreme Court granted Madrigal's petition for a writ of certiorari, vacated the prior judgment of this court, and remanded this appeal to this court for "consideration in light of United States v. Booker, 543 U.S.___ [, 125 S. Ct. 738] (2005)." In its remand order the Supreme Court did

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not specify which of the two majority opinions set forth in <u>Booker</u> was the basis for its remand decision. The Supreme Court did make clear in its <u>Booker</u> decision that both opinions would be applicable to all cases pending on direct review or not yet final as of January 12, 2005. <u>See</u> <u>Booker</u>, 125 S. Ct. at 769 (citing <u>Griffith v. Kentucky</u>, 479 U.S. 314, 328 (1987)). Madrigal's appeal satisfies those conditions.

In her original appeal to this court, Madrigal claimed two grounds of error: first, erroneous application of the safety valve provision of the Sentencing Guidelines; and second, her assertion that 21 U.S.C. § 841 was unconstitutional on the basis of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). Nothing in <u>Booker</u> addresses either of these claims of error, and Madrigal failed to object in the district court on either of the grounds addressed in <u>Booker</u>, i.e., (i) a Sixth Amendment violation resulting from an enhancement of a sentence based on facts (other than a prior conviction) found by the sentencing judge, which were not admitted by the defendant or found by the jury; or (ii) that the Sentencing Guidelines were unconstitutional because they were mandatory and not advisory. Consequently, we review for plain error. Because the district court did not enhance Madrigal's sentence on the basis of any facts found solely by the court, we conclude that <u>Booker</u>'s Sixth Amendment holding is not applicable to this case. However, under the <u>Booker</u> holding that Congress originally intended the Guidelines to be advisory and not mandatory, there is error in this case

2

because the district court viewed and acted under the Sentencing Guidelines as mandatory and not discretionary. Applying our plain error analysis, we conclude: (1) there was error because the district court operated under a mandatory scheme and not an advisory scheme; and (2) such error is now plain under Johnson v. United States, 520 U.S. 461, 468 (1997)(holding it is enough that error be plain at the time of appellate review). However, under the third prong of our plain error methodology, i.e., whether the error affects substantial rights, it is Madrigal's burden to show that, but for the error of acting on the premise that the Guidelines are mandatory and not advisory, the district court would have made a different decision. In *United States v. Mares*, 2005 U.S. App. LEXIS 3653, at *27-*28 (5th Cir. Mar. 4, 2005), we said that "the pertinent question is whether [the defendant] demonstrated that the sentencing judgeSSsentencing under an advisory scheme rather than a mandatory oneSSwould have reached a significantly different result." That is, the plain error standard places the

> burden of proof [on the defendant] and requires "the defendant to show that the error actually did make a difference: if it is equally plausible that the error worked in favor of the defense, the defendant loses; if the effect of the error is uncertain so that we do not know which, if either, side it helped the defendant loses."

*Id.* (quoting *United States v. Rodriguez*, 398 F.3d 1291, 1300 (11th

3

Cir. 2005)).

In fact, the record affirmatively supports the proposition that the district court, if given the opportunity to treat the Guidelines as discretionary only, would likely have imposed the same sentence because the court expressly denied Madrigal's request for a sentence at the bottom of the Guideline range. The district court's remarks at sentencing demonstrate that the court also explicitly considered the objectives of sentencing identified in subsections (A)-(D) of 18 U.S.C. § 3553(a)(2). Accordingly, we determine that Madrigal has failed to satisfy the third prong of our plain error analysis, i.e., that the sentence imposed by the district court violated her substantial rights.

We conclude, therefore, that nothing in the Supreme Court's Booker decision requires us to change our prior affirmance in this case. We therefore affirm the conviction and sentence as set by the trial court. AFFIRMED.